UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTOCAR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 6824 |
| | ) | |
| VOLVO TRUCKS NORTH AMERICA, INC.; | ) | |
| AKTIEBOLAGET VOLVO; RENAULT V.I.S.A.; | ) | |
| and MACK TRUCKS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on Defendant's, Volvo Trucks North America, Inc. ("Volvo Trucks"), Motion to Dismiss Plaintiff's, Autocar, LLC ("Autocar"), prayer for relief, leaving open the possibility that it will seek an injunction, *pendente lite*. For the reasons set forth below, the motion is denied without prejudice.

**BACKGROUND**

Autocar, a Delaware limited liability company headquartered in Hagerstown, Indiana, is engaged in the business of assembling and selling low cab over engine trucks ("LCOE trucks"). Volvo Trucks is a Delaware corporation headquartered in

Greensboro, North Carolina, that produces trucks. Defendant Aktiebolaget Volvo ("AB Volvo"), Volvo Trucks' parent company, is a Swedish corporation headquartered in Gotenburg, Sweden, that manufactures trucks, construction equipment and engines. Defendant Renault is a French corporation headquartered in Boulogne-Billancourt, France, that manufactures automobiles, trucks, busses and engines. Defendant Renault V.I.S.A. is a French corporation headquartered in Lyon, France, that produces trucks and truck engines. Defendant Mack Trucks, Inc., a subsidiary of Renault V.I.S.A., is a Pennsylvania corporation headquartered in Allentown, Pennsylvania, that produces trucks and engines.

In 2001, AB Volvo sought to acquire Renault V.I.S.A. and Mack Trucks from Renault. On December 18, 2000, the Department of Justice ("DOJ") filed a complaint against AB Volvo, alleging that the proposed acquisition would result in a significant loss of competition in the LCOE truck market. Pursuant to a final judgment and as a condition to its approval of the transaction, the DOJ required Volvo Trucks to divest its LCOE business and supply transitional and manufacturing startup support to the buyer for two years to enable a smooth transition of the LCOE production.

Beginning in the first quarter of 2001, Volvo Trucks and Autocar began negotiating the transfer of its LCOE business to Autocar. This effort culminated in several agreements regarding the transfer. Autocar alleges that following the sale,

Defendants engaged in monopolistic acts effectively evicting it from the LCOE market. Autocar alleges that those acts resulted in its inability to pay Volvo Trucks for some of the LCOE trucks produced during the period when transfer of ownership took place.

In 2004, as a result of Autocar's non-payment, Volvo Trucks commenced an action in a North Carolina state court to collect on unpaid invoices, plus pre- and post-judgment interest and attorneys' fees. On December 15, 2005, the state court issued summary judgment in favor of Volvo Trucks and entered a final judgment of $8,177,039.00 in principal and $2,173,204.12 in interest against Autocar. Volvo Trucks has yet to take action to enforce the judgment.

On December 2, 2005, two weeks prior to the state court judgment, Autocar initiated the instant suit claiming breach of contract and violations of the Sherman Act, 15 U.S.C. §§ 1 and 2. In addition, Autocar's complaint, in the relief requested, states an intent to seek injunctive relief if Volvo Trucks initiates collection of the state court judgment to bar such action until the claims of the instant suit are fully adjudicated. Volvo Trucks now brings the instant Motion, pursuant to Fed. R. Civ. P. 12(b)(6), requesting dismissal of the portion of Autocar's complaint that contains its intent to seek an injunction of the state court action if Volvo Trucks initiates collection efforts.

## DISCUSSION

Volvo Trucks argues that Autocar's injunction request violates both the Anti-Injunction Act, 28 U.S.C. § 2283, and the *Rooker-Feldman* doctrine. In contrast, Autocar contends that Volvo Trucks' Motion is premature because an injunction has thus far not been sought.

Our judicial power under Art. III of the Constitution "depends on the existence of a case or controversy," and, consequently, we lack "the power to render advisory opinions." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334 (1975). A controversy appropriate for judicial determination is one that is "definite and concrete, touching the legal relations of parties having adverse legal interests." Montgomery Ward & Co., Inc. v. Warehouse, Mail Order, Office, Technical and Professional Employees Union, 911 F. Supp. 1094, 1104 (N.D. Ill. 1995). In order to present a "case" or "controversy", "[a] declaration of rights as they stand must be sought, not on rights which may arise in the future, . . . there must be an actual controversy over an issue not a desire for an abstract declaration of the law." In re Summers, 325 U.S. 561, 567, 65 S. Ct. 1307, 1311 (citations omitted).

Volvo Trucks characterizes Autocar's prayer for relief, leaving open the possibility that it will seek an injunction, *pendente lite*, as a present request. When granting an injunction we must "set forth the reasons for its issuance," which "shall be

specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. Proc. 65(d). Autocar's prayer is neither formally made nor presents enough information for us to issue an injunction in accordance with Rule 65(d). Further, although the legal doctrines Volvo Trucks submits do limit our ability to impede a state court's actions, those doctrines are not without exception. Consequently, because Autocar has not yet requested injunctive relief and our ability to issue such is not completely barred, a decision terminating Autocar's ability to request such in all situations which may present themselves in this case would be premature.

## CONCLUSION

Based upon the foregoing analysis, Volvo Trucks' Motion is denied without prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated:   March 1, 2006